UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMIAH MACKEY JR., *et al.*, | : | Case No. 2:23-cv-2962 |
| | : | |
| Plaintiffs, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| THE MULTI-DISTRICT LITIGATION PANEL OF OHIO, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ORDER DENYING PLAINTIFFS' REQUESTS
FOR MAGISTRATE JUDGE GENTRY'S RECUSAL**

Plaintiffs[1] have objected to various orders issued by the undersigned United States Magistrate Judge in this case. In two of those documents, Plaintiffs ask the undersigned to recuse herself from this case.[2] (*See* ECF Nos. 37, 50). The first document is titled:

> AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE JUDGE'S TEXT ORDER VACATING THE COMPLAINT CHALLENGING THE OHIO DISTRICT COURT'S JURISDICTION TO ISSUE IT DUE TO FRAUD UPON THE COURT AND UNCONSTITUTIONAL ACTION; MOTION TO EXCEED THE PAGE LIMIT AND FOR ACCEPTANCE; NOTICE SEEKING LEAVE TO APPEAL; NOTICE OF SEEKING PRELIMINARY INJUNCTION FROM 6TH. CIRCUIT AND MOTION TO MOTION THEREFOR[.]

---

[1] *Pro se* Plaintiffs are Jeremiah Mackey Jr. and Lawrence Crawford. It is unclear whether the documents discussed herein have actually been signed by both Plaintiffs. The undersigned will nevertheless use the term "Plaintiffs" throughout this Decision and Order for purposes of simplicity. (*See* ECF No. 27 at PageID 1315-1316, 1319 [further describing Plaintiffs and their initial submissions]).

[2] The undersigned notes that Plaintiffs have also sought recusal of judges of the Multi-District Litigation (MDL) panel (*see* ECF Nos. 24-1, 24-2, 44-5) and a South Carolina state judge (*see* ECF No. 44-2).

(First Recusal Motion, ECF No. 37 at PageID 1466). The second document is titled:

> AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION TO FILE OBJECTIONS TO THE MAGISTRATE'S ORDER: RULES FOR DOCUMENTS SUBMITTED IN THE CASE DOCUMENT # 40; MOTION TO VACATE IT DUE TO FRAUD UPON THE COURT, CONSPIRACY, VIOLATION OF 18 U. S.C. § 1001; VIOLATION OF THE SEPARATION OF POWERS CLAUSE AND UNCONSTITUTIONAL ACTION; MOTION TO CHALLENGE THE COURT'S JURISDICTION TO ISSUE IT; MOTION TO RENEW THE MOTION FOR RECUSAL AND MOTION TO MOTION THEREFORE[.]

(Second Recusal Motion, ECF No. 50 at PageID 1781).

In their First Recusal Motion (ECF No. 37), Plaintiffs object to two of the undersigned's orders—namely, a deficiency order that required Plaintiffs to file an amended complaint and adhere to certain rules when filing documents in this case (Deficiency Order, ECF No. 27) and an order that denied numerous motions filed by Plaintiffs as premature (Order to Deny Motion as Premature, ECF No. 28).[3] Plaintiffs state that they "WANT THESE OHIO JUDGES RECUSED [and] THIS CASE TRANSFERRED TO THE STATE OF NEW JERSEY..." (ECF No. 37 at PageID 1505-1506). Plaintiffs appear to seek recusal of the undersigned Magistrate Judge because of their dissatisfaction with these two orders (ECF Nos. 27, 28) and their speculation about the undersigned's motivation behind those orders.

In the Deficiency Order, after describing parts of Plaintiffs' 71-page single-spaced complaint (with more than 650 pages of exhibits), the undersigned ordered Plaintiffs to

---

[3] Plaintiffs attempted to appeal these two orders, but the United States Court of Appeals for the Sixth Circuit dismissed their First Appeal (No. 24-3785) for lack of jurisdiction. (*See* ECF No. 29 [notice of appeal]; ECF No. 31 [order dismissing appeal]; ECF No. 32 [judgment]; ECF No. 56 [letter]; ECF No. 58 [denying petition for rehearing]).

2

file an amended complaint that is no longer than 20 pages and that complies with the Federal Rules of Civil Procedure and the Court's local rules. (ECF No. 27 at PageID 1322-1323). Plaintiffs argue that by issuing this Order, the undersigned has conspired and committed "fraud upon the court," among other things. (*See, e.g.*, ECF No. 37 at PageID 1468-1469). For example, Plaintiffs argue that the 20-page limitation was:

> INITIATED, COVERTLY, AS A MEANS TO DENY THE PLAINTIFFS AN OPPORTUNITY TO BE FULLY HEARD, WHICH IN THIS CASE IS COMPOUNDED BY ACTS OF FRAUD UPON THE COURT, USURPATION OF THE [MDL] PANEL COURT'S JURISDICTION, SPOLIATION OF LEGAL MAILINGS AND FILINGS AND OTHER OUTRAGEOUS UNCONSTITUTIONAL ACTIONS[.]

(ECF No. 37 at PageID 1471). Plaintiffs also made additional accusations against the undersigned in their 70-page objections. (*See, e.g.*, ECF No. 37 at PageID 1472 ("THE ATTACK UPON THESE CASES BY THE CONSPIRING PARTIES WAS CLEARLY DONE BEHIND THE EXTRAORDINARY NATURE OF THESE UNPRECEDENTED CASES, ISSUES AND BEHIND RELIGIOUS AND RACIAL HATRED, ALSO DONE IN RETALIATION FOR THE FREE EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHTS UNDER THE 1st. AMENDMENT ACCESS TO THE COURT AND RELIGION. . ."; *id*. at PageID 1478 ("THEY EVEN BLOCKED, SPOLIATED OR PREVENTED THE TIMELY FILED MOTION FOR RECONSIDERATION SENT TO THE [MDL] PANEL ON AUGUST 9, 2024 TO ALLOW THE MAGISTRATE TO PRODUCE THIS ORDER ISSUED ON AUGUST 15, 2024…").

Plaintiffs' Second Recusal Motion (ECF No. 50) objects to the undersigned's Order titled "Rules for Documents Submitted In This Case" (Rules Order, ECF No. 40).

In that Order, the undersigned noted that although this case was still in its early stages, Plaintiffs had already submitted approximately fifteen hundred pages of documents—many of which "pertain to other cases and are captioned as being filed in other courts, are duplicates, and/or contain a confusing combination of captions and subjects." (ECF No. 40 at PageID 1589). The undersigned also noted that Plaintiffs had submitted several documents that did not comply with the Deficiency Order. (*Id*. at PageID 1589-90 (citing Deficiency Order, ECF No. 27 at PageID 1324-25)). The undersigned then stated:

> Because Plaintiffs have not fully complied with the Court's order [ECF No. 27] and continue to submit documents directed to one or more other courts or cases, have submitted more than one copy of certain documents, and have submitted them to different locations of this Court, the task of sorting the documents and properly docketing them has consumed an inordinate amount of the Court's resources.
>
> Accordingly, to conserve the Court's resources and allow this case to proceed in an efficient manner, the undersigned Magistrate Judge **ORDERS** Plaintiffs to comply with the following **rules for further submissions in this case:**
>
> 1. All documents submitted for filing in this case must be captioned as set forth above, until further order of the Court. This means that each document must begin with the information in the box at the top of the first page of this Order, and **only** the information in the box at the top of the first page of this Order.
>
> 2. Documents submitted for filing in this case **may not** be combined with, or captioned with, any other cases. This includes Plaintiff Crawford's habeas corpus case in this Court and/or any other state or federal cases or appeals.
>
> 3. Plaintiffs shall submit **only one copy** of each document for filing.
>
> 4. All documents submitted for filing in this case shall be mailed to:
>
>    Office of the Clerk
>    Walter H. Rice Federal Building and U.S. Courthouse
>    200 W. Second Street, Room 712

4

>    Dayton, Ohio 45402
>
> 5. Plaintiffs shall not submit screen shots or printed photographs of documents, as these are often unreadable when scanned. (*See, e.g.,* ECF No. 34).
>
> 6. All documents submitted for filing in this case must contain original signatures.
>
> 7. If a document submitted for filing in this case pertains to both Plaintiffs, then **both Plaintiffs must sign it**. Neither Plaintiff may sign for the other.
>
> **Plaintiffs are expressly WARNED that documents that do not comply with these rules will be returned unfiled, stricken from the docket, or disregarded without further explanation.**
>
> Additionally, the Court **ORDERS** Plaintiff Crawford to **CEASE** filing copies of documents that pertain to other cases. If Crawford believes that a document from another case is relevant and should be filed in this case, then he must ask for and obtain the Court's permission to file the document in this case. He must obtain permission **before** filing the document.
>
> The Court **WARNS** Plaintiffs that if they fail to comply with this Order, they may be subject to sanctions up to and including dismissal of this case.

(Rules Order, ECF No. 40 at PageID 1590-91 (emphasis in original)).

Among other things, Plaintiffs contend that the undersigned "SPAT IN THE FACE OF DUE PROCESS" by issuing the Rules Order. (ECF No. 50 at PageID 1789). Plaintiffs further argue that this Court is legally barred from imposing such filing restrictions because an Ohio municipal court failed to impose similar restrictions:

> BECAUSE THESE MATTERS WERE ADDRESSED BEFORE THE FRANKLIN COUNTY OHIO MUNICIPAL COURT UNDER CASE 2023TRD112393 WHICH IS ANOTHER REASON WHY IN FRAUD UPON THE COURT CONCEALING MATERIAL FACTS YOU FAILED TO MENTION CASE 2023TRD112393 THAT THE PLAINTIFFS WON WITHIN THE FRANKLIN COUNTY MUNICIPAL COURT. IF THAT COURT DID NOT COMPLAIN ABOUT CAPTIONS, NUMBER OF PAGES SUBMITTED, EFFICIENCY COST, PHOTO COPIES BEING

> FILED AS LEGAL PLEADING OR WHETHER OR NOT THE PLAINTIFFS WERE SIGNING EACH OTHER LEGAL DOCUMENTS? THIS COURT IS PROCEDURALLY BARRED FROM DOING SO BY OUR RIGHTS OF RES JUDICATA AND COLLATERAL ESTOPPEL.

(ECF No. 50 at PageID 1806). Speaking directly to the undersigned, Plaintiffs also argued that "YOU DO NOT HAVE THE POWER OR AUTHORITY TO BRING THE SOVEREIGNS BEFORE THIS COURT IN CONTRADICTORY TO THE TERMS OF THE SOVEREIGN…" (*Id*. at PageID 1817).

The District Judge will resolve Plaintiffs' objections to the Magistrate Judge's orders. (*See* Objections, ECF No. 33-3, 37, 39, 47, 50). With respect to the recusal requests in those filings, however, the undersigned **DECLINES** to recuse herself and **DENIES** Plaintiffs' requests that she do so.[4]

Plaintiffs wish to have the undersigned recuse herself because they disagree with her orders. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Moreover, "[s]peculative and unfounded allegations"—which are all that underlie Plaintiffs's recusal request—"are insufficient to demonstrate bias or prejudice . . . and do not establish a basis for recusal." *Smith v. Yost*, No. 1:23-cv-749, 2024 WL 4343035, at *5 (S.D. Ohio Sept. 30, 2024)); *see also Hobbs v. Faulkner*, No. 1:17-cv-441, 2018 WL 11561996, at *2 (S.D. Ohio Oct. 10, 2018)

---

[4] It is unclear which statute(s) Plaintiffs rely on for their requests. *See Simms v. Warden*, No. 2:22-cv-00474, 2024 WL 4783911 (S.D. Ohio Nov. 14, 2024) (noting that different standards apply to motions under 28 U.S.C. § 144 and 28 U.S.C. § 455). Because the undersigned would reach the same conclusion under either standard, this issue will not be further addressed.

6

(denying motion to recuse where plaintiff "offered absolutely no evidence of any extrajudicial source of bias" and referred instead "to decisions made in the case, all of which have been explained and none of which have been reversed").

Plaintiffs bear the burden of justifying the undersigned's disqualification from this case. *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999). Speculation about the undersigned's alleged bias (or rather, the "POTENTIAL FOR BIAS" [*see* ECF No. 37 at PageID 1504]) does not satisfy their burden:

> When recusal is appropriate "is not based on the subjective view of a party," but . . . "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016) (internal citations and quotations omitted).

*Simms v. Warden*, No. 2:22-cv-00474, 2024 WL 4783911, at *3 (S.D. Ohio Nov. 14, 2024). Here, Plaintiffs have not pointed to any information that would lead "a reasonable person with knowledge of all the facts" to "conclude that the [undersigned's] impartiality might reasonably be questioned." *Id*. Plaintiffs' requests that the undersigned recuse herself from this case are therefore **DENIED**.

**IT IS SO ORDERED**.

                                               */s/ Caroline Gentry*
                                               Caroline H. Gentry
                                               UNITED STATES MAGISTRATE JUDGE