# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JEREMIAH MACKEY JR., *et al.*, | : | Case No. 2:23-cv-2962 |
| | : | |
| Plaintiffs, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| THE MULTI-DISTRICT LITIGATION | : | |
| PANEL OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER** GRANTING PLAINTIFF MACKEY'S
*IN FORMA PAUPERIS* APPLICATION

**REPORT AND RECOMMENDATION** TO DENY
PLAINTIFF CRAWFORD'S *IN FORMA PAUPERIS* APPLICATION

*Pro se* Plaintiffs, Jeremiah Mackey Jr. and Lawrence Crawford, have filed several applications to proceed *in forma pauperis* (or "IFP") and without prepaying the fees to file this case or appeals from it. (*See* ECF Nos. 1, 19, 30, 34, 36, 60.) For the reasons discussed below, the undersigned Magistrate Judge **GRANTS** Plaintiff Mackey's Third Application (ECF No. 36) and **DENIES** his Second Application as **MOOT** (ECF No. 34). The undersigned also **DENIES** the Plaintiffs' Joint Application to proceed IFP on appeal as **MOOT**. (ECF No. 60.)

The undersigned **RECOMMENDS** that the Court **DENY** Plaintiff Crawford's Second Application (ECF No. 30) and **ORDER** him to pay $201 to the Clerk of Court within thirty days.

At the time this case was opened, the total cost to file a civil case in federal court was $402, which included a $350 filing fee and a $52 administrative fee. (*See* Deficiency Order, ECF No. 27 at PageID 1321.) The Court divides this cost equally between the two Plaintiffs.[1] *See generally Rouse v. Michigan*, No. 2:17-cv-12276, 2017 WL 3394753, at *3 (E.D. Mich. Aug. 8, 2017) (citing *In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1137-1138 (6th Cir. 1997) ("the Sixth Circuit has held that fees and costs should be divided equally in such cases between the plaintiffs"). Here, each Plaintiff's share is $201.

### Plaintiff Mackey

Plaintiff Mackey has filed three individual applications to proceed IFP in this case. (ECF Nos. 19, 34, 36.) The Court rejected the First Application because it was not properly signed by Mackey. (*See* Deficiency Order, ECF No. 27 at PageID 1321;[2] Order, ECF No. 28 at PageID 1327 [denying the application "without prejudice to refiling as ordered in the Deficiency Order"].)

Mackey's Second Application is partially legible. (ECF No. 34.) It appears to be a printed photograph of a few different documents. (*Id*.; *see also* ECF No. 40 [instructing

---

[1] Crawford is incarcerated. *See Lawrence L. Crawford v. US Marshal Serv., USA*, No. 9:17-cv-1633, 2017 WL 7661406, at *2 (D.S.C. Sept. 26, 2017), *report and recommendation adopted*, 2018 WL 826838 (D.S.C. Feb. 12, 2018) ("in March 2004, Petitioner was tried, convicted and sentenced to life imprisonment without parole in the Kershaw County Court of General Sessions (Case Number 2004-GS-28-0385) for the murder of his eleven-year-old daughter."). Mackey is not incarcerated. (Deficiency Order, ECF No. 27 at PageID 1316.)

[2] "An application bearing [Mackey's] name and what appears to be an electronically produced signature was later received by the Court. (ECF No. 19). Notably, it does not match Mackey's apparent signature on the Complaint and may have been sent by Crawford. (*Compare* ECF No. 19, PageID 1104-1105 *with* ECF No. 1-2, PageID 67)."

Plaintiffs not to submit "screen shots or printed photographs of documents, as these are often unreadable when scanned."].) Mackey's Third Application appears to be part of the original documents photographed/scanned in the Second Application. (ECF No. 36.)

Upon review of Mackey's Third Application, and based on his representations made under penalty of perjury therein, the undersigned concludes that Mackey is financially unable to prepay the costs of the action or to give security for such costs. The Court therefore **GRANTS** Mackey's Third Application (ECF No. 36) and **ORDERS** that Mackey may proceed in this case *in forma pauperis* and without paying his portion of the fees to file the case. Any other relief requested in the Third Application is **DENIED**.[3]

In light of this decision, Mackey's Second Application to proceed *in forma pauperis* is **DENIED** as **MOOT**. (ECF No. 34.) Any other relief requested in the Second Application is **DENIED**.

### Plaintiff Crawford

Plaintiff Crawford has filed two applications to proceed *in forma pauperis*. (ECF Nos. 1, 30.) His First Application (ECF No. 1) was denied without prejudice to refiling. (*See* ECF No. 28 at PageID 1327.) The undersigned previously noted:

> [A]n "Application and Affidavit by Incarcerated Person to Proceed In Forma Pauperis" was filed with the Petition. (ECF No. 1, PageID 1-6). The Application appears to contain an affidavit signed by Crawford and financial information about Crawford from Lee Correctional Institution. (*Id*.). Crawford acknowledges in his Application that he has,
>
> > on three or more prior occasions, while incarcerated or detained in any prison, jail or other facility, brought an action

---

[3] Plaintiffs often attach an "Affidavit of Service" and/or "Affidavit of Facts Giving Judicial Notice…" to the front or back of their main filings, and those documents often list or request a variety of relief. Any requests for relief other than to proceed *in forma pauperis* in Mackey's Third Application are denied.

> in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted[.]

(ECF No. 1, PageID 4). This question in the *in forma pauperis* Application is a reference to the so-called "three strikes" provision of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915. Under this provision, if a prisoner has had three or more civil cases so dismissed, the prisoner may not proceed *in forma pauperis* in later civil litigation, unless a narrow exception applies. 28 U.S.C. § 1915(g). Crawford has been found to have three "strikes." *See, e.g., Crawford v. Linares*, No. 18-3457 (3d Cir. May 10, 2019); *Montgomery v. United States*, No. 9:12-cv-527, 2013 WL 938039, at *1, n.4 (N.D.N.Y. Mar. 11, 2013). Crawford does not list his dismissed cases as the Application form requires. (ECF No. 1, PageID 4). He says instead, "See documents attached. Threat of imminent danger is argued in the filing of this case." (*Id.*). He does not say where in the several hundred pages of documents this information may be found. …

**To proceed any further in this case, Plaintiffs must either pay $402 ($350 filing fee plus $52 administrative fee) or obtain this Court's permission to proceed *in forma pauperis*.**

If seeking *in forma pauperis* status, Crawford must complete, sign, and return to the Court a fully completed Application on the form used by prisoners. He must list all his previous dismissals as requested on Page 7 of the Application form. The Application must be signed under penalty of perjury. If Crawford wishes to invoke the statutory exception for "imminent danger," he may do so in an attachment to the Application that is no more than five pages long. Crawford does not need to resubmit his inmate trust fund account statement.

(Deficiency Order, ECF No. 27 at PageID 1321 [emphasis in original].)

Crawford filed a Second Application. (ECF No. 30.) He did not, however, list all

(or any) of his dismissed cases in the application as ordered. (*Id*. at PageID 1350.)

Instead, while he still admits that he has had at least three cases dismissed under the

PLRA's three-strikes provision, he asserts that they were dismissed "by Fraud," and

states: "See recent pleading and new attachments now filed in this case. Also see initial

4

complaint struck by fraud and abuse of discretion[.]" (*Id.*) No further record citations are provided.

Crawford also states in his Second Application:

Threat of imminent danger being argued based upon what is asserted in original complaint that was struck by fraud upon the court based also upon now submitted documents, based upon denial of medical treatment for over 5 years and physical assaults perpetuated by defendants to thwart this case from moving forward. I was just subject to a physical attack by the defendants that still exist, this date seen in pleading this court struck by fraud.

(ECF No. 30 at PageID 1348.)

Defendant admits, and the undersigned agrees, that he has accumulated at least three "strikes" under the PLRA. *See, e.g., In re Lawrence L. Crawford Litig.*, 743 F. Supp. 3d 1368, 1369 (U.S. Jud. Pan. Mult. Lit. 2024) ("Movant Crawford has a long history of frivolous litigation in the federal courts and has accumulated 'three strikes' under 28 U.S.C. § 1915(d)."). [4]

---

[4] The MDL Panel cited *Crawford v. The Pope*, No. 24-0659, Order (E.D. Pa. Mar. 12, 2024) (ECF No. 7) and *Crawford v. The U.S. Congress*, No. 24-0028 (W.D. Ky. filed Feb 8, 2024) (ECF No. 9), both of which found that Crawford had accumulated three strikes. Reviewing the issue afresh, the undersigned finds that Crawford has at least three strikes, including the following appeals that the Second Circuit dismissed as frivolous:

1. *Strozier v. United States*, Nos. 12-3890, 12-3928 (2d Cir. Apr. 10, 2013) ("To the extent Appellant [Crawford] seeks leave to proceed *in forma pauperis* and other relief in 12-3890 and 12-3928, it is hereby ORDERED that the motion is DENIED and the appeals are DISMISSED because they lack an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or fact).").

2. *Crawford v. United States,* No. 12-3943 (2d Cir. Feb. 14, 2013) ("Upon due consideration, it is hereby ORDERED that … the appeal is DISMISSED because it lacks an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or fact).").

Once the three-strikes provision applies, a prisoner may only proceed *in forma pauperis* if they satisfy a narrow exception. A prisoner must allege that he or she was "'under imminent danger of serious physical injury' caused by the issues raised in the complaint," at the time the complaint was filed. *Dyer v. Sheriff of Montgomery Cnty. Jail*, No. 3:24-cv-300, 2025 WL 2181018, at *2 (S.D. Ohio Aug. 1, 2025), *report and recommendation adopted*, 2026 WL 546406 (S.D. Ohio Feb. 26, 2026) (quoting 28 U.S.C. § 1915(g)).

> As recognized by the Sixth Circuit, "[t]he literal language of ... the PLRA forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if the litigant has, on three prior occasions, had a case dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998). An exception exists, however, if the prisoner can make a showing that they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). At the pleading stage, the movant must "only assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage in the litigation." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012). The imminent danger must "be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). To satisfy this burden, a plaintiff must "show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 585 (6th Cir. 2013) (alterations in original) (quoting *Taylor v. First Med.*

---

3. *In re Lawrence L. Crawford*, No. 15-1386, 15-1494 (2d Cir. Aug. 26, 2015) ("the appeal is DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e)(2).").

4. *Cook v. Cooper*, No. 15-3407 (2d Cir. Mar. 2, 2016) ("it is hereby ORDERED that … the appeal is DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995).").

As articulated by the Supreme Court in *Neitzke,* an action "is frivolous where it lacks an arguable basis either in law or in fact." 490 U.S. at 325. Frivolous appeals count as strikes under Section 1915(g).

*Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). <u>Those allegations, however, cannot be "conclusory, ridiculous, or clearly baseless." *Id.*</u>

*Foster v. Ohio D.R.C.*, No. 2:22-cv-2153, 2023 WL 1960168, at *2 (S.D. Ohio Feb. 13, 2023) (emphasis added).

The undersigned previously described the Complaint in this case as follows:

The initial filing in this case is approximately 730 pages long. (ECF No. 1). The documents were ostensibly submitted by two named Plaintiffs: Jeremiah Mackey Jr. and Lawrence L. Crawford aka Jonah Gabriel JahJah T. Tishbite. (ECF No. 1-2, PageID 8, 10). Among other titles, Crawford refers to himself as "THE FOREIGN SOVEREIGN HEIR, KING, HIGH PRIEST OF THE ONE TRUE GOD, A MEMBER OF THE SOLE CORPORATION AND FOREIGN SOVEREIGN CROWN." (ECF No. 1-2, PageID 59-60). Crawford is incarcerated at a state prison in South Carolina. (ECF No. 1-2, PageID 10; ECF No. 8). He is no stranger to federal litigation.

Mackey is referred to as a "beneficiary of the cesque que trust" which appears to be related somehow to Crawford. (ECF No. 1-2, PageID 66). Mackey is not incarcerated. (ECF No. 1-3, PageID 80). His address appears to be a residential address in Columbus, Ohio. (ECF No. 1-2, PageID 10; ECF No. 19, PageID 1104).

The apparent list of defendants is contained within seven single-spaced pages of narrative text. (ECF No. 1-2, PageID 24-31). Among the apparent defendants are: the Multi-District Litigation Panel of Ohio, the Vice-President of T-Mobile, Sylvia Lee and Clylena Lee, "the (50) States Attorney Generals," the United States Senate and all of its members, the National Football League, "all judges within the Eleventh Circuit Court of Appeals" and many other state and federal judges, several "banking entities," "the 194 Member States of the United Nations including the Vatican and the United States," and many others. (*Id.*). Several proposed "Intervenors" are also listed in the Complaint. (ECF No. 1-2, PageID 9-13).

The Complaint appears to present claims relating to Crawford and his efforts to seek release from his incarceration in South Carolina state and federal courts. But it is broader than that. The Complaint appears to seek, among other things, the "disqualification" of all state and federal courts in the Fourth Circuit and the transfer of several South Carolina cases to a federal district court in New Jersey. It may challenge the constitutionality of the Prison Litigation Reform Act (PLRA), particularly the so-called

7

"Three Strikes" provision aimed at preventing frivolous litigation, and the Antiterrorism and Effective Death Penalty Act (AEDPA), which governs federal habeas corpus claims. It may seek transfer of some individuals— perhaps the several named inmate "Intervenors"—to the "nicest" federal pre-release camp in the northeast. (Complaint, ECF No. 1-2, PageID 44, 58, 73; *see also* ECF No. 1-2, PageID 10-12). It may challenge decisions allowing same-sex marriage (*id*., PageID 57, 62), as well as seek ownership of four football teams (of Crawford's choosing) of the National Football League (*id*., PageID 30). It may challenge an alleged detainer on Crawford by the United States Marshal Service. (*Id*., PageID 76). It may seek reparations for the transatlantic slave trade. (*Id*., PageID 76). Crawford has raised many of these issues elsewhere.

Mackey's interest in all this, or his alleged injury, is less clear. He may have received a traffic ticket from the City of Whitehall, Ohio. (ECF No. 1-2, PageID 47, 51-52, 76-77; *see also* ECF No. 1-9, PageID 647-648). Crawford may be including Mackey and using his residence in Ohio as a justification for filing in an Ohio court.

As noted above, Plaintiffs' initial submission in this civil rights case totals 729 pages. (ECF No. 1, PageID 1 through ECF No. 1-10, PageID 729). The Complaint, without attachments, is seventy-one pages, single-spaced, mostly in all capital letters. The documents are voluminous and often repetitive or related to other issues, and the relevance of each is not immediately apparent. Many documents from other cases are attached to the Petition.

(Deficiency Order, ECF No. 27 at PageID 1315-1319 [substantive footnotes omitted].)

Although the Court ordered Plaintiffs to submit an Amended Complaint that complies with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure nearly two years ago, they have not done so. (*See* ECF No. 27 at PageID 1322-1323 [entered on August 15, 2024].) As a result, the Court is left with the original voluminous, rambling, and legally incomprehensible set of allegations in the Complaint pertaining to a variety of unrelated issues to evaluate. *See In re: Lawrence L. Crawford Litigation,* No. MDL 3116 (U.S. Jud. Pan. Mult. Lit. Dec. 11, 2024) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992))

8

("A court is not required to accept the truth of 'fantastic or delusional scenarios' or allegations that are 'irrational or wholly incredible' in evaluating *pro se* pleadings from *in forma pauperis* litigants.").

The Court ordered Plaintiff Crawford to clarify this issue in his subsequent *in forma pauperis* application. (ECF No. 27 at PageID 1321 ["If Crawford wishes to invoke the statutory exception for "imminent danger," he may do so in an attachment to the Application that is no more than five pages long."].) Crawford's response, however, is insufficient because he failed to plead sufficient factual material to invoke the exception. *See Vandiver v. Vasbinder,* 416 F. App'x 560, 562 (6th Cir. 2011) ("The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading."). Crawford vaguely refers to the original complaint, other unidentified documents in the then-more-than-1300-page record, the lack of medical care, and an alleged assault within his South Carolina prison. (*See* ECF No. 30.) Even liberally construing Crawford's *pro se* response, it does not demonstrate that he was in imminent danger of serious physical harm at the time the original Complaint was filed.

The recent assault to which Crawford vaguely refers in his Second Application does not satisfy the exception. He reportedly signed the Second Application on September 12, 2024. (ECF No. 30 at PageID 1350.) The relevant question is whether the imminent danger existed *at the time the Complaint was filed*, which was over a year before that, on August 28, 2023. (*See* ECF No. 1 at PageID 4.) *See Vandiver v. Vasbinder*, 416 F. App'x at 562 ("§ 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). An assault allegedly occurring "just"

9

before September 2024 does not show that imminent danger existed in August 2023. Neither a recitation of past danger, *Rittner v. Kinder*, 290 F. App'x 796, 797-798 (6th Cir. 2008), nor speculation about future harm, *Shephard v. Marbley*, 23 F. App'x 491, 492 (6th Cir. 2001), is sufficient.

The lack of medical care could, if sufficiently pled and sufficiently serious, represent an imminent danger. But Crawford has not sufficiently pled it. He mentions only the "denial of medical treatment for over 5 years," without describing why he requires medical treatment, what type of medical care, who denied him treatment, or why the lack of treatment puts him in imminent danger. (*See* ECF No. 30 at PageID 1347.) The single phrase in his Application fails to satisfy Crawford's pleading burden.

Moreover, had Plaintiff identified a discrete imminent danger that existed at the appropriate time, it would be difficult, if not impossible, for the Court to conclude on this record that the imminent danger has a "nexus" with the issue(s) appropriately raised in this case, because Plaintiffs have failed to file an Amended Complaint that complies with Rule 8 (requiring a short and plain statement) and Rule 20 (limiting the defendants—and therefore the issues—that may be joined in a single action) of the Federal Rules of Civil Procedure. *See Foster v. Ohio Dep't of Rehab. & Correction*, No. 2:22-cv-2153, 2025 WL 2778259, at *2 (S.D. Ohio Sept. 30, 2025) (discussing the "nexus" requirement and noting that a plaintiff must "connect the alleged imminent danger . . . to the defendants' conduct" described in the complaint). The allegations in the original Complaint here cover a variety of issues—from a suburban traffic ticket to the transatlantic slave trade to the National Football League—and without an appropriately framed amended complaint,

10

the undersigned cannot conclude that any alleged imminent danger has the required nexus to the claims in the complaint.[5]

In sum, Crawford has failed to comply with the Deficiency Order's instructions to file an Amended Complaint and to list all his dismissed cases in his IFP application, and has also failed to allege sufficient facts to show that he was, in fact, in imminent danger at the time the Complaint was filed. In the absence of compliance with the Deficiency Order, the undersigned declines to independently search the voluminous record for such facts, as "'judges are not like pigs, hunting for truffles' that might be buried in the record." *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)). The undersigned therefore concludes that Crawford has failed to carry his pleading burden to show that he fits within the narrow exception to Section 1915(g) and may proceed *in forma pauperis.*

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Crawford's Second Application to proceed IFP (ECF No. 30); **ORDER** him to pay $201 to the Clerk of Court within thirty (30) days; and **ADVISE** him that if he fails to make this payment on time, the Court will dismiss his claims and terminate him as a plaintiff and party to this case.

### Both Plaintiffs

Also pending before this Court is what appears to be an Application filed by both Plaintiffs to proceed *in forma pauperis* on appeal. (ECF No. 60.) Although not

---

[5] It is not clear that this Ohio District Court could hear claims that prison officials in South Carolina neglected, mistreated, or caused an attack on Crawford, who is also in South Carolina.

completely clear, this filing may pertain to Plaintiffs' first or second appeal in this case. (*See* First and Second Notices of Appeal, ECF Nos. 29, 53 [instituting Appeal Nos. 24-3785, 25-3016, respectively].) Both of these appeals had already been dismissed by March 10, 2025, when this Application (ECF No. 60) was docketed. (*See* ECF Nos. 31, 32 [indicating that Appeal 24-3785 was dismissed]; ECF No. 57 [indicating that Appeal No. 25-3016 was dismissed].) The Joint Application to proceed IFP on appeal is therefore **MOOT** and is **DENIED**.

### Conclusion

Plaintiff Mackey's Third Application to proceed *in forma pauperis* is **GRANTED** for the reasons and to the extent set forth above. (ECF No. 36.) His Second Application is **DENIED** as **MOOT**. (ECF No. 34.) Plaintiffs' Joint Application to proceed *in forma pauperis* on appeal is also **DENIED** as **MOOT**. (ECF No. 60.)

With respect to Plaintiff Crawford, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Crawford's Second Application to proceed *in forma pauperis* (ECF No. 30) because he has accumulated three strikes under the PLRA and does not fit within the exception; **ORDER** Crawford to pay $201 to the Clerk of Court within thirty (30) days; and **ADVISE** him that if he fails to do so, the Court will dismiss his claims and terminate him as a plaintiff and party in this case.

Plaintiffs are each **REMINDED** that it is their responsibility to file a "Notice of New Address" if their address changes.

**IT IS SO ORDERED AND RECOMMENDED.**

*/s/ Caroline Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).