**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMIAH MACKEY JR., *et al.*, | : | Case No. 2:23-cv-2962 |
| | : | |
| Plaintiffs, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| THE MULTI-DISTRICT LITIGATION | : | |
| PANEL OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER CONCERNING
MOTIONS FOR ACCEPTANCE OF DOCUMENTS**

Pending before the Court are several Motions for Acceptance filed by one or both of the Plaintiffs herein.[1] (ECF Nos. 49, 51, 54, 55, 62, 69, 78, 79, 82.) Plaintiff Crawford, having inappropriately submitted many documents from his many other federal and state cases, is now required to seek leave to file documents herein that pertain to or were filed in cases other than this one. (*See* Order: Rules For Documents Submitted in this Case, ECF No. 40 at PageID 1591 ["the Court **ORDERS** Plaintiff Crawford to **CEASE** filing copies of documents that pertain to other cases. If Crawford believes that a document from another case is relevant and should be filed in this case, then he must ask for and obtain the Court's permission to file the document in this case."].)[2] For clarity, the undersigned will refer to these motions by their docket number in this Order.

---

[1] *Pro se* Plaintiffs are Jeremiah Mackey Jr. and Lawrence Crawford. It is not clear that all the filings discussed herein have actually been signed by both Plaintiffs.
[2] Objections to the Rules Order are pending. (*See* ECF No. 50.)

**Motion No. 49**

This document contains several requests for relief, including a motion for acceptance. However, the Motion does not attach any documents. (ECF No. 49 [6 pages long, plus the envelope].) Plaintiff Crawford appears to seek leave to file a **40-page** document, which is elsewhere of record as Objections to the undersigned's Rules Order. (*See* ECF No. 50.) The Court's permission is/was not required to file this document.

Plaintiff Crawford also refers to Plaintiff Mackey's **109-page** habeas corpus petition, which, for the reasons discussed in the next section, will not be filed herein. Accordingly, the motion for acceptance within ECF No. 49 is **DENIED**.

Motion No. 49, which may include motions to vacate, for preliminary injunctive relief, and/or consolidation, remains pending on the docket.

**Motion No. 51**

In this Motion, Plaintiff Crawford first asks that the Court accept and file Plaintiff Mackey's habeas corpus petition in this case. Mackey's **109-page petition, dated November 18, 2024**, is attached to the motion. (*See* ECF No. 51-1 at PageID 1828-1936). Mackey appears to have signed the petition. (*Id*. at PageID 1936). He did not, however, sign the Motion for Acceptance. (*See* ECF No. 51 at PageID 1827.)

Crawford's request to file Mackey's habeas petition is **DENIED** in this form and at this time. If Mackey wishes to institute a new habeas corpus case on his own behalf, he may take the appropriate steps to do so. It is not appropriate, however, to combine Mackey's habeas corpus claim with this civil case for the reasons the undersigned has repeatedly explained on the record. *See generally Cox v. Nord*, No. 1:23-cv-324, 2023

WL 5917523, at *1 (S.D. Ohio Aug. 24, 2023) (citing *Ruza v. Michigan*, No. 1:20-cv-504, 2020 WL 4670556, at *2 (W.D. Mich. Aug. 12, 2020), *aff'd*, No. 20-1841, 2021 WL 3856305 (6th Cir. Apr. 7, 2021) ("Claims for habeas corpus relief under 28 U.S.C. § 2254 are different in many ways from claims raised under the Civil Rights Act, 42 U.S.C. § 1983. These two types of claims are subject to different rules and requirements, and generally must proceed in separate cases.").

Crawford next asks the Court to accept a document titled "Exhibit Ohio Brief," which is **41 pages long and dated June 19, 2023**. (ECF No. 51-2 at PageID 1937-1977.) This is an appellate brief reportedly filed in the Supreme Court of Ohio in an unidentified appeal, perhaps from a traffic/criminal case against Mackey in state court.

The brief argues it was improper for the Whitehall Mayor's Court to proceed against Mackey because Crawford had moved to intervene and had "removed" the case to a South Carolina federal district court. (*See, e.g.*, ECF No. 51-2 at PageID 1948-1949.) The undersigned does not see the relevance to this matter of Plaintiffs' state court arguments in an unknown appeal. The request to include this brief in the record is **DENIED**.

Next, Crawford asks to include in the record an Affidavit of Facts Giving Judicial Notice that was reportedly filed in an Ohio Court of Appeals in Appeal No. 23AP-229. (*See* ECF No. 51-3 at PageID 1978-80). It is **nine pages long and dated April 18, 2023.** This document also appears to concern Crawford's attempt to intervene in a state or municipal traffic/criminal case against Mackey. (*Id*. at PageID 1981). The undersigned **DENIES** this request for the same reason as the previous document.

Discerning no other meritorious requests in the Motion, it is **DENIED**. (ECF No. 51.)

### Motion No. 54

In this Motion, Plaintiffs submit duplicate copies of two documents that have already been filed herein. (*Compare* ECF No. 54-1 *with* ECF No. 44-3 [**14-page document dated October 17, 2024**]; *compare* ECF No. 54-2 *with* ECF No. 43 [**13-page document dated October 21, 2024**].) The Court has ordered Plaintiffs not to file duplicate copies of documents. (*See, e.g.,* ECF No. 40 at PageID 1590.) The Motion for Acceptance of these duplicate copies is therefore **DENIED**. (ECF No. 54.)

This Motion also seeks injunctive relief, so it shall remain pending on the docket.

### Motion No. 55

Plaintiffs next ask to file a copy of a motion they reportedly filed in the District Court for the District of South Carolina. (*See* ECF No. 55-1 [**35-page document dated January 7, 2025**].) Plaintiffs assert that this copy is relevant "to ensure" that other courts do not rely on orders from federal courts in Georgia and South Carolina, to establish a conspiracy, and to give notice of a potential transfer of certain matters (presumably, by the Multidistrict Litigation Panel) to New Jersey. (ECF No. 55 at PageID 2033.)

Crawford's MDL litigation has been concluded and his request for centralization has been denied. (*See* ECF No. 86.) The undersigned perceives no other relevant, non-frivolous matters that Plaintiffs have not already raised in this case in the South Carolina motion and so **DENIES** the Motion. (ECF No. 55.)

**Motion No. 62**

In this Motion, Plaintiff Crawford asks to file a copy of a motion reportedly filed in the New Albany, Ohio, Mayor's Court. (ECF No. 62 at PageID 2126-2129.) In that motion, it appears that Crawford sought to intervene in one of Plaintiff Mackey's traffic matters and to "remove" it into the instant case.

Plaintiffs appear to allege in the attached motion that they previously "removed" a Franklin County, Ohio, traffic case into this case, which divested the Franklin County Court of jurisdiction. Again, the undersigned sees no relevance in this Mayor's Court motion and **DENIES** the Motion for Acceptance. (ECF No. 62.)

**Motion No. 69**

This filing contains several requests, including a Motion for Acceptance. (*See* ECF No. 69 at PageID 2135.) One document is attached to the Motion—a "Criminal Case Processing Sheet" from a Franklin County, Ohio, Common Pleas Court case. (ECF No. 69 at PageID 2138.) The sheet, as far as the undersigned can tell, simply scheduled a hearing or trial for April 15, 2025. (*Id*.) The relevance of this scheduled hearing is not apparent and the motion to include it here is accordingly **DENIED**.[3]

This filing will remain pending because it also includes a motion for removal.[4]

---

[3] The Motion also refers to a habeas corpus petition, but said petition is not attached to the Motion.

[4] The Court will issue a separate order concerning the removal requests.

5

**Motion No. 78**

Plaintiffs seek admission of an "Informal Brief" reportedly submitted in four

appeals in the Fourth Circuit. (ECF No. 78 at PageID 2257.) Plaintiffs assert that the brief

is relevant to issues on appeal in the Sixth Circuit and to their request to stay proceedings

in the Sixth Circuit. (ECF No. 78 at PageID 2258.)

The Sixth Circuit denied Plaintiff(s)' request for a stay and has dismissed all of

Crawford's or Plaintiffs' appeals.[5] The Motion for Acceptance of the Fourth Circuit brief

is therefore **MOOT** and is **DENIED**.

**Motion No. 79**

In this Motion, Plaintiffs ask to submit a copy of a 7-page document dated January

2, 2026, which was reported filed in the Sixth Circuit concerning two of cases there:

Appeal Nos. 25-3689 and 25-3727. (ECF No. 79 at PageID 2299.)

While this document could conceivably be relevant in this underlying matter, both

appeal cases at issue have been dismissed. However, out of an abundance of caution, and

---

[5] The Sixth Circuit's website reflects that Crawford has filed five appeals or other cases concerning orders in this case:

1. *Lawrence Crawford, et al v. Multi-District Litigation Panel of Ohio, et al.*, No. 24-3785 (appeal dismissed for lack of jurisdiction)
2. *Lawrence Crawford, et al v. Multi-District Litigation Panel of Ohio, et al.*, No. 25-3016 (appeal dismissed for lack of jurisdiction)
3. *In re: Lawrence Crawford, et al.*, No. 25-3727 (mandamus denied, stay denied)
4. *Lawrence Crawford, et al v. Multi-District Litigation Panel of Ohio, et al.*, No. 25-3738 (appeal dismissed for lack of jurisdiction).
5. *Lawrence Crawford, et al v. Multi-District Litigation Panel of Ohio, et al.*, No. 26-3104 (appeal dismissed for lack of jurisdiction).

Five appeals have also been filed out of the related but separate case of *Crawford v. Warden, Lee Correctional Institution*, No. 2:23-cv-3017-JLG-CHG. These appeal numbers are 25-3218, 25-3262, 25-3689, 25-3743, 26-3097. All appear to have been dismissed.

because the document makes arguments to compel the undersigned's recusal, this Motion for Acceptance is **GRANTED.** (ECF No. 79.) The Clerk of Court is **DIRECTED** to separately file the document (ECF No. 79 at PageID 2299-2303) on the docket on the date of January 21, 2026.

### Motion No. 82

In this Motion, Plaintiff Crawford asks to file a **22-page document dated February 11, 2026** and titled "Exhibit, '11th Circuit Fraud.'"  (ECF No. 82-1.) It appears to be a motion to vacate a judgment on the Eleventh Circuit in a 2024 appeal. The undersigned fails to see any relevance in this filing about Rule 11 sanctions in these separate cases and therefore **DENIES** this Motion for Acceptance. (ECF No. 82)

### Conclusion

Plaintiffs' Motions for Acceptance of Documents, of record at ECF Nos. 51, 54, 55, 62, 69, 78, and 82, are **DENIED**. The Court **REJECTS** and **STRIKES** the following documents:

- ECF No. 51-1 [Jeremiah Mackey Habeas Corpus Petition]

- ECF No. 51-2 [Exhibit "Ohio Brief"]

- ECF No. 51-3 [Affidavit of Facts]

- ECF No. 54-1 [Duplicate Copy of Doc. 44-3]

- ECF No. 54-2 [Duplicate copy of Doc. 43]

- ECF No. 55-1 [Copy of Motion Filed in the District of South Carolina]

- ECF No. 62 at PageID 2125-2129 [Affidavit of Service, Affidavit of Facts, etc.]

7

- ECF No. 69 at PageID 2138 [Criminal Case Processing Sheet]

- ECF No. 78-1 [Exhibit]

- ECF No. 82-1 [Exhibit 11th. Circuit Fraud]

The Clerk of Court is **DIRECTED** to restrict these documents to Court users only.

Plaintiffs' Motion for Acceptance (ECF No. 79) is **GRANTED**. The Clerk of Court is **DIRECTED** to separately file the attached document (ECF No. 79 at PageID 2297-2303) on the docket *nunc pro tunc* as of January 21, 2026.

The Clerk is directed to **TERMINATE** the motions at ECF Nos. 51, 55, 62, 78, 79, 82. The following motions remain pending on the docket at this time:

- ECF No. 49 [motions to vacate, for injunction, & to consolidate pending]

- ECF No. 54 [motion for injunction pending]

- ECF No. 69 [motion for removal pending]

Finally, Plaintiffs are **ADVISED** that, unless extraordinary circumstances arise, the undersigned will not consider any further motions for acceptance of documents from other cases unless and until (1) the filing fees for this case are resolved, and (2) Plaintiffs file an amended complaint that complies with the Deficiency Order and all other orders concerning the requirement to file an amended complaint.

**IT IS SO ORDERED**.

*/s/ Caroline Gentry*
Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

8

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, any party may file and serve written objections to this Order **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If timely objections are filed, then the District Judge will consider them and modify or set aside any portion of the Order that is clearly erroneous or contrary to law. A party may not assign as error a defect in the Order to which no timely objection was filed. Even if objections are timely filed, this Order will remain in full force and effect unless it is stayed or overruled. *See* S.D. Ohio Civ. R. 72.3.