**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMIAH MACKEY JR., *et al.*, | : | Case No. 2:23-cv-2962 |
| | : | |
| Plaintiffs, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| THE MULTI-DISTRICT LITIGATION | : | |
| PANEL OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER CONCERNING REMOVAL REQUESTS

Plaintiff(s) have mentioned or sought "removal" in several documents filed in this case. (*See, e.g.*, ECF No. 15, 20, 21, 69.[1]) Although not perfectly clear and the requests mention many different cases, the undersigned understands Plaintiff(s) to assert—among other things—that they have "removed" one or more of Plaintiff Mackey's state traffic or criminal cases *into* this federal civil case. (*See, e.g.*, ECF No. 1-2 at PageID 47; ECF No. 21 at PageID 1155.)

Those state cases may be:

---

[1] The first three filings (ECF Nos. 15, 20, 21) were denied as premature. (*See* Order, ECF No. 28.) Objections to that Order and/or the Deficiency Order issued contemporaneously are pending. (*See* ECF Nos. 33-3, 37, 39, 47.)

Two other parts of the Motion of record at ECF No. 69 have already been denied (*See* Decision and Order Denying Plaintiffs' Requests for Magistrate Judge Gentry's Recusal, ECF No. 70; Order Concerning Motions for Acceptance of Documents, ECF No. 87.)

- *State of Ohio v. Jeremiah Mackey, Jr.*, Franklin M.C. No. 2024 TR C 111217 (in which a jury found Mackey guilty of Operating a Vehicle under the Influence and two traffic offenses on August 9, 2024).[2]

- *State of Ohio v. Jeremiah Mackey, Jr.*, Franklin M.C. No. 2024 CR A 004339 (in which Mackey was charged with Improper Handling of a Firearm in a Motor Vehicle and the case was dismissed with the docket notation that "the felony case has concluded in the Municipal Court but could potentially continue in the Common Pleas Court at a future time" [capitalization adjusted]).[3]

- *State of Ohio v. Jeremiah Mackey Jr.,* Franklin C.C.P. No. 24-CR-6029 (in which a jury found Mackey guilty of Improper Handling of a Firearm in a Motor Vehicle on April 15, 2025).[4]

The undersigned can discern no legal basis for Plaintiff(s)' attempted removal of these criminal cases *into* the civil case currently before the Court. As another judicial officer of this Court has explained concerning removal generally:

> Federal courts are courts of limited jurisdiction, and may examine jurisdictional issues *sua sponte.* A challenge to subject matter jurisdiction over a removed case may be raised at any time before final judgment. *See Page v. City of Southfield,* 45 F.3d 128, 133 (6th Cir. 1995) ("[L]ack of subject matter jurisdiction ... requires the court to remand at any time prior to final judgment."); *accord* Rule 12(h)(3), Fed. R. Civ. P. "A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." *Lexington-Fayette Urban County*

---

[2] This case is mentioned in the Motion of record at ECF No. 21. The case is available online by name or case number search at https://www.fcmcclerk.com/case/search (last visited June 9, 2026). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[3] This case is mentioned in the Motion of record at ECF No. 21. The case is available online by name or case number search at https://www.fcmcclerk.com/case/search (last visited June 9, 2026).

[4] This case is mentioned in a Motion for Acceptance. (*See* ECF No. 69 at PageID 2126.) The case is available by name or case number search at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ (last visited June 9, 2026). The docket reflects that Mackey (or someone on his behalf) filed a habeas corpus petition giving "notice that by the habeas corpus petition and its attachments this case is petitioned removed to the federal district court." (*See* Nov. 20, 2024 filing) (capitalization adjusted).

2

> *Government Civil Service Comm'n v. Overstreet*, 115 Fed. Appx. 813, 816-17 (6th Cir. 2004)
>
> The limits of subject matter jurisdiction cannot be expanded through the improper removal of an action from state court. In order for removal jurisdiction to exist for Defendant to remove a <u>civil</u> case from state to federal court, there must have been a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, Defendant is not attempting to remove a civil case, but instead is attempting to remove a criminal case, in which he is being prosecuted by the State of Ohio. Defendant cannot magically transform a state case in which he is a criminal defendant into a civil lawsuit that he is prosecuting against the State of Ohio. …
>
> Defendant would fare no better if he is attempting to remove his state criminal case to this Court under the operable federal criminal removal statutes. "Under federal law, state criminal proceedings may be removed to federal court in only rare circumstances." *Michigan v. Mixon*, 2021 WL 1439706, at *1 (E.D. Mich., April 16, 2021). Defendant also does not set forth any "short and plain statement of the grounds for removal" under 28 U.S.C. § 1455 or any other authority that would support removal of the Hamilton County proceeding to this Court. *See generally, Michigan v. McGrath*, 2021 WL 1178633, at *1 (W.D. Mich. March 9, 2021).
>
> In sum, whether considered as an improperly removed civil case or an improperly removed criminal case, summary remand is appropriate. *Accord Ohio v. Murrell*, Case No. 1:21-cv-388, 2021 WL 3510314, at *1 (S.D. Ohio, Aug. 10, 2021), adopted at 2021 WL 3883913 (S.D. Ohio, Aug. 31, 2021) (summarily remanding improperly removed criminal case); *Ohio v. Horton*, Case No. 1:19-cv-838-SKB-SJD, 2019 WL 5059992, at *2 (S.D. Ohio, October 9, 2019), adopted in part, remanded and dismissed without prejudice at 2019 WL 5696065 (S.D. Ohio Nov. 4, 2019) (same).

*Ohio v. El*, No. 1:22-cv-673, 2023 WL 171164, at *2-3 (S.D. Ohio Jan. 12, 2023), *report and recommendation adopted,* 2023 WL 5772780 (S.D. Ohio Sept. 7, 2023).

In their latest filing, Plaintiffs attempt to remove one of these criminal cases "pursuant to 28 U.S.C. §§ 2679, 1602-1605 et. seq." (ECF No. 69 at PageID 2136.) Section 2679 contains procedural rules for Federal Tort Claims and claims against federal employees and says nothing about the removal of criminal cases from municipal court.

3

Section 1602-1605 are contained in the Chapter concerning "Jurisdictional Immunities of Foreign States," and similarly appear inapplicable.[5]

Even if removal was legally authorized, the undersigned is aware of no authority or procedural mechanism that would permit the inclusion of a state prosecution *within* an existing civil action in federal court.

Finally, this issue appears to be moot, as the above cases have all been concluded. The *Younger* abstention doctrine would have barred any earlier requests made while the cases were pending. *See Michigan v. McGrath*, No. 2:21-cv-34, 2021 WL 1178633, at *2 (W.D. Mich. Mar. 9, 2021), *report and recommendation adopted*, 2021 WL 1171959 (W.D. Mich. Mar. 29, 2021) (finding criminal defendant's removal request improper and barred by *Younger*, despite his "wholly conclusory" allegations of bad faith in the state court proceedings).

In short, there is no legal basis for Plaintiffs' request to bring or claims to have brought Mackey's state criminal prosecutions into this civil case in federal court. These cases were not "removed" to this Court or otherwise made a part of this existing civil case when Plaintiff(s) filed motions in it. Plaintiff(s)' requests for relief seeking removal or claiming to have removed are therefore **DENIED**.

---

[5] In a previous filing, Plaintiffs asserted that they could remove under 28 U.S.C. § 1443 and 28 U.S.C. § 1455. (*See* ECF No. 1-2 at PageID 58.) These statutes concern removal but are not satisfied here. To begin, it does not appear that Plaintiff Mackey has filed a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). Had he done so, he would have instituted a new case in this Court.

4

Plaintiffs may also seek to remove—in the sense of transfer—cases to or from this Court, or to or from other courts. (*See, e.g.*, ECF No. 20 at PageID 1118 [appearing to seek to "PETITION TO REMOVE THE MISSOURI STATE CASE" to an Arizona Superior Court]; ECF No. 20 at PageID 1121 [Arizona State "CASES AND OR INDICTMENT NUMBER(S) 850-GJ-107 AND CR2023-007301-001 ARE PETITIONED REMOVED TO THE OHIO DISTRICT COURT" among other courts].) There is no apparent legal basis for these requests or claims, which are accordingly **DENIED**.

Plaintiffs may seek to "remove" cases, including this one, to the Multidistrict Litigation Panel. (*See, e.g.*, ECF No. 1-2 at PageID 68; Doc. No. 20 at PageID 1121.) As Plaintiff Crawford has repeatedly been advised, such requests are properly addressed to the MDL Panel itself, which has already denied consolidation. (*See* MDL Order Denying Transfer, ECF No. 25; Order for Status Report, ECF No. 41; Order Discharging Order for Status Report, ECF No. 86.) *See also In re Lawrence L. Crawford Litig.*, 743 F. Supp. 3d 1368, 1370 (U.S. Jud. Pan. Mult. Lit. July 31, 2024) (noting that Crawford "previously has asked two other district courts to centralize his actions in an MDL under Section 1407 – relief that district courts do not have authority to grant"); *Crawford v. Atkinson*, No. 9:21-cv-2526, 2022 WL 3046896, at *6-7 (D.S.C. May 16, 2022), *report and recommendation adopted,* 2022 WL 3045128 (D.S.C. Aug. 2, 2022) (quoting *Crawford v. Linares*, No. 18-cv-13459, 2020 WL 2059956 (D.N.J. Apr. 29, 2020)) ("Only the MDL panel can decide whether to create a multidistrict litigation."). Any pending requests in this case to do so are therefore **DENIED with prejudice**.

5

Plaintiffs are **ADVISED** that no further filings on this issue will be considered unless and until (1) the filing fees for this case are resolved, and (2) Plaintiffs file an amended complaint that complies with the Deficiency Order and all other orders concerning the requirement to file an amended complaint.

For all the above reasons, the undersigned **DENIES** Plaintiff(s)' "petition to remove" of record in ECF No. 69. This motion is now fully resolved and is **TERMINATED** on the docket.

**IT IS SO ORDERED**.

*/s/ Caroline Gentry*

Caroline H. Gentry
UNITED STATES MAGISTRATE JUDGE

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, any party may file and serve written objections to this Order **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If timely objections are filed, then the District Judge will consider them and modify or set aside any portion of the Order that is clearly erroneous or contrary to law. A party may not assign as error a defect in the Order to which no timely objection was filed. Even if objections are timely filed, this Order will remain in full force and effect unless it is stayed or overruled. *See* S.D. Ohio Civ. R. 72.3.

6